
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                        )    No. 71949-1-I
         Respondent, )
                        )    DIVISION ONE
     v.                   )
                        )
FIKRU KELIFA,           )    UNPUBLISHED OPINION
                        )
         Appellant. )   FILED: July 13, 2015
_____ )

PER CURIAM — Fikru Kelifa appeals his termination from drug court and his conviction for second degree burglary. He argues that closed drug court staffing meetings preceding his termination and conviction violated his constitutional rights to a public trial and to be present at all critical stages of a prosecution. Kelifa's public trial argument is controlled by State v. Sykes, 182 Wn.2d 168, 339 P.3d 972 (2014) (open court provisions of Washington Constitution do not apply to drug court meetings). His argument that he had a right to be present in the pretermination staffing meetings also fails. The State points out, and Kelifa does not dispute, that he expressly waived any such right when he signed a drug court agreement stating, "I will not be present during these meetings" and "I . . . ask the Court to proceed without me in these meetings."[1]

---

[1] The agreement stated in pertinent part:

20.     As Part of the Drug Court Protocol, the judge will meet regularly with a group consisting of my attorney, the prosecutor and treatment staff to discuss my case. I will not be present during these meetings, they will not be recorded, and they will not be open to the public. The judge will not make any decisions at these meetings and will give me the opportunity to provide input at a subsequent

No. 71949-1–I/2

Affirmed.

FOR THE COURT:

_Trickey, J_

_Verellen, J_

_Spearman, C.J._

---

hearing before making a decision in my case. I agree to this procedure and ask the Court to proceed without me in these meetings.

My lawyer and I have reviewed and discussed all of the above paragraphs 1 through 20. I understand them all and do hereby knowingly give up these rights. CP 13.